UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES W. BROWN, SR., | ) | CASE NO. 4:09 CV 2558 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES PAROLE | ) | AND ORDER |
| COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On November 2, 2009, plaintiff *pro se* Charles W. Brown, Sr. filed this action for writ of mandamus on November 2, 2009. Plaintiff filed an amended complaint on November 3, 2009. The amended complaint seeks a "temporary order" to allow him to remain at Northeast Ohio Correctional Center pending a parole revocation hearing. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A[1].

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

A prisoner has no constitutional right to be incarcerated in a particular prison or to be held

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

in a specific security classification. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Further, just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a state, he has no justifiable expectation that he will be incarcerated in any particular state. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)

Thus, even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, this action is dismissed under § 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


DATE: January 5, 2010                    */s/ John R. Adams*
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE